UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY MERLE KOEPPEL, et al.,

Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC, et al.,

Defendants.

Case No.  25-cv-07325-PCP

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. Nos. 9, 10

Defendant Mortgage Electronic Registration Systems, Inc. (MERS) moves to dismiss the claims of Gary and Emma Koeppel, asserted individually and as trustees for the Koeppel Family Trust, on the basis of claim preclusion. For the reasons below, MERS's motion is granted. [1]

**BACKGROUND**

In 2005, the Koeppels obtained a mortgage loan for their primary residence through a promissory note that was secured by a deed of trust on the property. The deed identifies the now-defunct Central Pacific Mortgage Company (CPMC) as the lender. The deed identifies MERS "as the beneficiary under this Security Instrument" "acting solely as a nominee" for the lender and the lender's successors and assigns. The Koeppels allege that defendant Nationstar Mortgage LLC d/b/a Mr. Cooper "claims to be the servicer" of the loan and that defendant Wells Fargo Bank, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2005-20 "purports to be a trustee of a securitized trust and alleges to have an interest in the loan."

---

[1] MERS's request for judicial notice, Dkt. 10, is granted. The documents of which it seeks judicial notice are either incorporated by reference in the Koeppels' complaint or the proper subject of judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (explaining that a court may take judicial notice of another court's opinion "for the existence of the opinion" but "not for the truth of the facts recited therein"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings and briefs in another case).

In 2018, MERS executed a Corporate Assignment of Deed of Trust assigning its interests in the deed to Wells Fargo. The assignment was recorded on January 4, 2023.

Three prior proceedings are relevant to this suit. In *Koeppel I*, the Koeppels moved to quiet title on the property in California superior court. No party appeared to defend its interest in the property. In 2017, the court entered judgment quieting title in the Koeppels' favor and ordered the deed of trust expunged.

In *Koeppel II*, MERS filed a complaint in this district court for an order voiding the quiet title judgment or declaring that the judgment did not eliminate the deed or MERS's rights thereunder. The Koeppels filed counterclaims against MERS, Nationstar, Wells Fargo, CPMC, and others, including for unjust enrichment, quiet title, and violations of California's unfair competition law (UCL). The court granted MERS's motion for judgment on the pleadings for "a declaratory judgment ordering that the Quiet Title is null and void and ordering that [the Koeppels] hold the Property subject to the Deed of Trust and requiring the removal and cancellation of the Quiet Title Judgment and Notice of Lis Pendens from the land records." The court also dismissed the Koeppels' counterclaims and entered judgment in favor of MERS and the counter-defendants in 2020. The Ninth Circuit affirmed in September 2021.

In *Koeppel III*, the Koeppels filed suit in California superior court while the appeal in *Koeppel II* was still pending before the Ninth Circuit. The amended complaint alleged claims against MERS, Nationstar, Wells Fargo, CPMC, and others for declaratory relief, unjust enrichment, quiet title, and violations of the UCL. During *Koeppel III*, the court deemed admitted all requests for admissions that the Koeppels had served on CPMC, which was by then defunct. In May 2023, the court sustained the defendants' demurrers, concluding that the Koeppels' claims were barred by claim preclusion as a result of *Koeppel II*. The California Court of Appeal affirmed.

In July 2025, the Koeppels filed a new complaint in state court against MERS, Nationstar, Wells Fargo, and Doe defendants. The defendants removed the action to this Court. The complaint alleges four claims against MERS: (1) violation of the UCL, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (2) violation of California's Homeowner Bill of Rights (HBOR); (3) slander of title; and (4)

2

cancellation of instrument. MERS moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim based on claim preclusion or, in the alternative, asks the Court to order a more definite statement under Rule 12(e).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the nonmoving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Materials outside the complaint can be considered on a Rule 12(b)(6) motion if they are incorporated by reference therein or otherwise judicially noticeable. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A [district] court may [ ] consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). The Court may consider documents that are "not physically attached to the

United States District Court
Northern District of California

complaint" "if the [ ] 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)). Federal Rule of Evidence 201 permits judicial notice of "a fact that is not subject to reasonable dispute" because it is "generally known."

## ANALYSIS

MERS argues that the Koeppels' claims are barred by claim preclusion, or res judicata, because they were litigated or could have been litigated in *Koeppel II* and *Koeppel III*.

California law governs whether judgments from California state courts and federal courts considering California claims under their diversity jurisdiction carry preclusive effect. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1246–47 (9th Cir. 2017); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). "Under California's claim preclusion doctrine a valid, final judgment on the merits precludes parties or their privies from relitigating the same cause of action in a subsequent suit." *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (internal quotation marks omitted). "Res judicata bars the relitigation not only of claims that were conclusively determined in the first action, but also matter that was within the scope of the action, related to the subject matter, and relevant to the issues so that it could have been raised." *Burdette v. Carrier Corp.*, 158 Cal. App. 4th 1668, 1674–75 (Cal. Ct. App. 2008), *as modified on denial of reh'g* (Feb. 14, 2008).

Claim preclusion applies if three requirements are met: "(1) the second lawsuit must involve the same 'cause of action' as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." *San Diego*, 568 at 734. There is no dispute that the third requirement is satisfied. The Koeppels contend, however, that the other two requirements are not present here.

## I.     Identical Causes of Action

The Koeppels primarily contend that this suit does not involve the same causes of action that were asserted in *Koeppel II* and *III*. "To determine whether two proceedings involve identical

4

United States District Court
Northern District of California

United States District Court
Northern District of California

causes of action for purposes of claim preclusion," California courts apply the primary rights theory. *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (Cal. 2010). Under this theory, a cause of action "is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Id.* at 798. "[O]ne injury gives rise to only one claim for relief." *Id.* Therefore, "[w]hen two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Id.*

Each of the Koeppels' claims against MERS relies on allegations that MERS lacked the authority to assign the deed of trust and concealed that its interests in the loan had terminated before it executed the assignment. The Koeppels allege that, as a result of MERS's actions, the title to their property is clouded and Nationstar is improperly using a "false assignment" to attempt to collect on the loan. These alleged harms are the same as the harms alleged in *Koeppel II* and *III*. Accordingly, the claims against MERS in this case "involve the same primary right[s]" as the Koeppels' claims against MERS in the prior two actions. *See Boeken*, 48 Cal. 4th at 798.

Specifically, the UCL claim here alleges that the Koeppels are "unable to identify the valid creditor or authorized servicer" of the loan as a result of MERS's actions. The slander of title claim similarly alleges that MERS's actions have "clouded the title as to the actual party with rights or interest in the lien." In *Koeppel II* and *III*, the Koeppels also brought UCL claims alleging that MERS had concealed or misrepresented its interest, or lack thereof, in the loan. Dkt. 10, Ex. 3, at 9–10. The primary right at issue in those claims, the California Court of Appeal concluded, was the "right to be free from omissions by MERS about its continuing interest as nominee." *Id.*; *see also id.* at 8–9 (concluding that the primary right asserted in quiet title claims in *Koeppel II* and *III* was the "right to be free from unfounded interests interfering with their quiet enjoyment of the Carmel property"). Like in *Koeppel II* and *III*, the harms alleged in the UCL and slander of title claims here assert a primary right to know who has an interest in the loan and be free from misrepresentations about parties' interests in the loan. The claims in each of the three proceedings, therefore, assert the same primary right.

The HBOR, slander of title, and cancellation of instruments claims allege that MERS's "false assignment" has allowed defendants—namely, Nationstar—to demand inaccurate

reinstatement and arrears payments from the Koeppels and to threaten foreclosure. In *Koeppel II*, the Koeppels brought counterclaims under RICO, the UCL, to quiet title, and for unjust enrichment alleging that MERS and the other counter-defendants had harmed the Koeppels by using false instruments and MERS's purported beneficiary status to demand and enforce payments to which the counter-defendants had no interest or legal right. Dkt. 10, Ex. 2, at 14–15. The California Court of Appeal concluded that the primary right asserted in those claims in *Koeppel II* and in similar claims in *Koeppel III* was the right "to avoid the injury of making unwarranted payments to Nationstar." Dkt. 10, Ex. 3 at 8, 10–11. Here, the harms alleged in the Koeppels' HBOR, slander of title, and cancellation of instruments claims again assert the same primary right to be free from unwarranted and coerced payments.

Because each of the Koeppels' claims against MERS in this action assert the same primary rights as their claims in *Koeppel II* and *III*, the three proceedings "involve identical causes of action." *See Boeken*, 48 Cal. 4th at 797–98. The Koeppels resist this conclusion by arguing that post-judgment conduct, which the courts in *Koeppel II* and *III* never considered, has caused new injuries that claim preclusion cannot bar. Specifically, the Koeppels raise (1) CPMC's 2021 judicial admissions, (2) MERS's 2023 recording of the deed of trust, and (3) Nationstar's 2024 demands for payment and threats of foreclosure. None of these intervening events have caused new alleged injuries, however, and each was or could have been raised in the prior proceedings.

First, the Koeppels argue that CPMC's admissions in *Koeppel III* "conclusively show that, as of 2021, MERS'[s] agency authority had terminated" such that the 2023 recording of the assignment was void. According to the Koeppels, CPMC "was deemed to have admitted that it never instructed MERS to assign any deed of trust and no longer held or owned the note and terminated its agency with MERS in September 2009." There are two problems with the Koeppels' argument. The first is that the Koeppels urge this Court to treat the admissions as dispositive even though the court in *Koeppel III*, which deemed admitted the requests for admissions served on CPMC, did not find the admissions dispositive. Even in light of the admissions, the superior court dismissed the Koeppels' claims based on claim preclusion because they had already litigated in *Koeppel II* whether MERS had "any interest in the deed of trust." The

United States District Court
Northern District of California

United States District Court
Northern District of California

second is that these admissions were effectively raised in *Koeppel III* when the superior court deemed the requests admitted. *See Burdette* 158 Cal. App. 4th at 1674–75. The same is true of the subsequent appellate decision affirming, with the benefit of the record, the superior court's dismissal of the Koeppels' claims.

Second, the Koeppels argue that the 2023 recording of the assignment occurred "after the prior pleadings." Because Nationstar allegedly relied on the assignment to demand payment and threaten foreclosure beginning in 2024, the Koeppels argue that this new injury occurred only after *Koeppel III* was dismissed in May 2023. But the Koeppels allege here that MERS's assignment has harmed them by clouding their title and concealing "the actual party with rights or interest in the lien." By their own allegations, then, the recording of the assignment itself constituted an injury that was ripe at the time of the recording in January 2023. Moreover, the Koeppels do not dispute that they were aware of the recording during *Koeppel III*. *See* Dkt. 18, at 16 (admitting that plaintiffs "were aware of the assignment's existence" during proceedings in that case). In fact, in February 2023, a demurrer filed by the defendants in *Koeppel III* discussed the 2023 recording of the assignment and attached the assignment as an exhibit to its request for judicial notice. Dkt. 10, Ex. 5, at 6; Dkt. 10, Ex. 6 at 4, 99. The Koeppels therefore cannot argue that they were unable to address the 2023 recording of the assignment in *Koeppel III*. *See Burdette* 158 Cal. App. 4th at 1674–75.

Third, the Koeppels contend that they suffered "no injury until Nationstar acted on the void instrument"—the assignment—"to exact payment and threaten foreclosure, compelling payment to the wrong parties and for improper (arguably illegal) charges. … That injury did not exist when the prior case was adjudicated." This argument is ingenuine at best. In both *Koeppel II* and *III*, the Koeppels brought claims against Nationstar, alleging that it did not have any right, claim, or interest in the loan to demand payments. These arguments, in turn, were "built on the premise that … that Counter-Defendant MERS cannot be the beneficiary under the DOT." Dkt. 10, Ex. 2, at 14; Dkt. 10, Ex. 3, at 9–10. The Koeppels have therefore already litigated this alleged injury.

Claim preclusion applies when "the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new

7

facts supporting recovery." *San Diego*, 568 F.3d at 734 (citation omitted). The Koeppels' allegations against MERS plead some "different theories of recovery" and "add[] new facts," but do not allege new injuries from MERS's alleged conduct. As a result, they do not allege new causes of action distinct from those already raised in *Koeppel II* and *III*.

## II.    Final Judgment on the Merits

The Koeppels also argue that the "demurrer dismissal of the prior state case" in *Koeppel III* was not a final judgment on the merits because it was "based on procedural grounds" of claim preclusion. The argument is legally erroneous.

"[A] dismissal with prejudice is the equivalent of a final judgment on the merits." *Boeken*, 48 Cal. 4th at 793. "Fittingly, dismissal of a second action on the ground that it is precluded by a prior action is itself effective as res judicata, and a judgment on the merits that forecloses further litigation of the preclusion question in a third action." 18 Wright & Miller Fed. Prac. & Proc. Juris. § 4435 (3d ed.). The superior court in *Koeppel III* sustained the demurrers, dismissed the Koeppels' claims, and entered judgment on the basis of claim preclusion. The California Court of Appeal then affirmed. *See Lyons v. Sec. Pac. Nat. Bank*, 40 Cal. App. 4th 1001, 1018 (Cal. Ct. App. 1995), *as modified on denial of reh'g* (Nov. 30, 1995) (finding remittitur after appeal was dismissed as moot was a final judgment for claim preclusion). The judgment in *Koeppel III* was therefore a final judgment on the merits for the purposes of claim preclusion. *See* Wright & Miller § 4435.

The Koeppels do not dispute that the judgment in *Koeppel II*, affirmed by the Ninth Circuit, was a final judgment on the merits.

*        *        *

In short, *Koeppel II* and *III* involved the same causes of action asserted against MERS in this lawsuit, and both cases ended with final judgments on the merits. As such, claim preclusion bars the Koeppels' claims against MERS in this action.

## CONCLUSION

For the foregoing reasons, the Court grants MERS's motion to dismiss. The Koeppels' claims against MERS are dismissed without leave to amend and with prejudice.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: February 17, 2026

_____
P. Casey Pitts
United States District Judge

United States District Court
Northern District of California